

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Case Name: **In Re Mario Lavandeira, Jr.**

Case Number: **2:25-cv-01396-RFB-DJA**

August 22, 2025

### MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF MOTION TO QUASH

I. INTRODUCTION

Pro Se Movant Mario Armando Lavandeira, Jr. ("Mr. Lavandeira") - professionally known as Perez Hilton - respectfully requests leave of this Court to supplement the record in support of his pending Motion to Quash Subpoena. Newly available evidence, entered into the public docket in the related Southern District of New York litigation - Lively v. Wayfarer Studios LLC, Case No. 1:24-cv-10049 - directly rebuts assertions made by Ms. Lively concerning Mr. Lavandeira and the alleged "smear campaign" against her.

This motion is necessary because the new evidence only became available on August 20, 2025, *after* Mr. Lavandeira filed his Motion to Quash. Consideration of this material will aid the Court in resolving the pending motion.

II. BACKGROUND

On August 20, 2025, the SDNY docket (Dkt. 682, Exhibit H) included a text message exchange among employees of the TAG communications firm and Defendant Melissa Nathan. In that conversation, TAG staff expressly discussed Mr. Lavandeira's independent coverage of Ms. Lively, stating: "He's been

supportive and getting traction on his coverage."

This directly undermines Ms. Lively's narrative that Mr. Lavandeira was part of a coordinated smear campaign. Instead, it shows his coverage was perceived as organic and independent.

In addition, attached as Exhibits 1–3 are widely reported, authenticated public materials documenting Ms. Lively's own conduct — including her plantation wedding, admitted blackface comments, and belittling of a journalist. These materials explain why Mr. Lavandeira's change in opinion about Ms. Lively was based on her own conduct, not on any external pressure or inducement.

Additionally, Exhibit 4 is a letter with more context and information.

III. LEGAL STANDARD

District courts have broad discretion to permit supplementation of the record where justice so requires. See Fed. R. Civ. P. 7(b), 15(d) (allowing supplemental pleadings) and cases permitting supplementation when newly discovered or previously unavailable evidence comes to light. Courts routinely grant such motions when the proffered evidence is material and relevant to the issues before the Court.

IV. ARGUMENT

1. The Evidence Is Newly Available.

    The TAG text messages were only entered into the SDNY docket on August 20, 2025, after Mr. Lavandeira filed his Motion to Quash in this Court.

2. The Evidence Is Directly Relevant.

    Ms. Lively and her counsel have argued that Mr. Lavandeira was part of a "smear campaign." The TAG exchange instead demonstrates the opposite — that his coverage was self-directed and seen as such by third

parties.

3. Supplementation Will Assist the Court.

    Consideration of this evidence will clarify the factual record and aid the Court in evaluating whether the subpoena to Mr. Lavandeira is overbroad, burdensome, and premised on misrepresentations.

V. CONCLUSION

For the foregoing reasons, Mr. Lavandeira respectfully requests that this Court grant leave to supplement the record in support of his Motion to Quash and consider the attached Exhibits 1–4, along with SDNY Dkt. 682, Exhibit H.

Respectfully submitted,

/s/ Mario Armando Lavandeira

Mario Armando Lavandeira, Jr.

aka Perez Hilton

Las Vegas, Nevada