UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

Case Name: In Re Mario Lavandeira, Jr.

Case Number: 2:25-cv-01396-RFB-DJA

# EMERGENCY MOTION TO SUPPLEMENT MOTION TO QUASH SUBPOENA WITH NEWLY ISSUED SDNY ORDER

Non-Party Movant Mario Lavandeira ("Mr. Lavandeira"), respectfully moves this Court for leave to supplement his pending Motion to Quash Subpoena with a newly issued order from the United States District Court for the Southern District of New York in the related case, Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049 (S.D.N.Y.).

## I. INTRODUCTION

On August 27, 2025, Judge Lewis J. Liman of the Southern District of New York granted Plaintiff Blake Lively's motion to compel against the Wayfarer defendants. The order (attached hereto) requires those parties to produce precisely the same categories of documents and communications that Plaintiff claims she needs from Mr. Lavandeira via the subpoena.

Because Plaintiff is now obtaining this discovery directly from the parties to the litigation, her subpoena to a non-party journalist is duplicative, unduly burdensome, and unnecessary. This development materially strengthens Mr. Lavandeira's pending Motion to Quash.

## II. RELEVANCE OF NEW ORDER

Judge Liman's ruling compels production of, among other things:

- All materials cited in Wayfarer's Amended Complaint;

- Phone records of key defendants;

- Signal messages;

- HR complaints, policies, and training documents;

- Communications between Bryan Freedman and Wayfarer prior to December 31, 2024;

- Agents' communications with content creators and journalists.

These are the very categories Plaintiff has sought through her subpoena to Mr. Lavandeira. Accordingly, the subpoena is now not only overbroad and intrusive, but also duplicative of discovery. Plaintiff is already set to receive the materials from the actual parties.

### III. RELIEF REQUESTED

Mr. Lavandeira respectfully requests that this Court:

1. Grant leave to supplement his Motion to Quash with the attached Exhibit; and

2. Consider this supplemental authority in ruling on his pending Motion to Quash.

### IV. CONCLUSION

The newly issued SDNY order confirms that Plaintiff's subpoena to Mr. Lavandeira is unnecessary. This Court should quash the subpoena in its entirety.

**Respectfully submitted,**

/s/ Mario Lavandeira

Mario Armando Lavandeira, Jr.

aka Perez Hilton

Pro Se

Las Vegas, Nevada

August 27, 2025