UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

Case Name: In Re Mario Lavandeira, Jr.
Case Number: 2:25-cv-01396-RFB-DJA

**ATTORNEY-CLIENT PRIVILEGE | SUPPLEMENTAL BRIEFING REGARDING APPLICABILITY OF PRIVILEGES UNDER FEDERAL COMMON LAW**

Plaintiff Blake Lively's subpoena is objectionable not only under the First Amendment reporter's privilege and Nevada's Shield Law, but also because it may require disclosure of material protected by the attorney–client privilege.

Mr. Lavandeira's legal counsel of approximately 19 years, Bryan Freedman, Esq., also represents Justin Baldoni, one of the Defendants in this related matter. *Although, Mr. Freedman nor any associate of his is working with Mr. Lavandeira in regards to this subpoena.*

To the extent the subpoena encompasses communications, notes, or other documents reflecting legal advice, such materials are unquestionably privileged. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (attorney–client privilege is "the oldest of the privileges for confidential communications known to the common law").

Rule 45(d)(3)(A)(iii) requires that a subpoena be quashed or modified if it "requires disclosure of privileged or other protected matter." This Court must therefore preclude any production of documents that fall within the attorney–client privilege, as such disclosure would cause irreparable harm and is not subject to balancing.

Moreover, Plaintiff's subpoena to Mr. Lavandeira cannot be considered "critical" to her case. As this Court is aware, Plaintiff has already issued subpoenas to more than 107 other creator- journalists, seeking overlapping information. The existence of such a sweeping campaign demonstrates that any material she could hope to obtain from Mr. Lavandeira is not unique, much less indispensable. See Shoen v. Shoen (Shoen II), 48 F.3d 412, 416 (9th Cir. 1995) (party must show information is truly "critical" to overcome privilege).

Accordingly, in addition to the grounds already briefed, Mr. Lavandeira respectfully submits that the subpoena is also defective because it threatens to intrude upon attorney–client privilege, and because Plaintiff's extensive pursuit of over a hundred other non-parties further confirms that nothing from Mr. Lavandeira could meet the "critical" threshold. Both grounds provide additional and independent bases for quashing in full.


Respectfully submitted,

/s/ Mario Lavandeira

Mario Armando Lavandeira, Jr.

aka Perez Hilton

Pro Se

Las Vegas, Nevada

August 29, 2025