UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

Case Name: In Re Mario Lavandeira, Jr.

Case Number: 2:25-cv-01396-RFB-DJA

**NON-PARTY MARIO ARMANDO LAVANDEIRA, JR.'S MOTION FOR CLARIFICATION AND FOR A PROTECTIVE PROTOCOL GOVERNING ANY IN-CAMERA SUBMISSION; ASSERTION OF REPORTER'S PRIVILEGE; REQUEST FOR WRITTEN EXPLANATION REGARDING APPLICABLE LAW; AND REQUEST FOR STAY PENDING RESOLUTION**

**Introduction**

The Court indicated at the ex parte, in-camera session on September 2, 2025, that Mr. Lavandeira - known professionally as Perez Hilton - should submit a "more detailed" privilege log including names, phone numbers, email addresses, dates, and descriptions of communications. Respectfully, compelling disclosure of source identities or contact information at this preliminary stage would pierce the very privilege the Court has recognized under federal law, and would chill news-gathering. Mr. Lavandeira therefore moves for clarification and for a protective protocol that (1) permits a coded privilege log using pseudonyms (e.g.,"Source A," "Source B") in lieu of actual names; (2) sequences any review so that content is reviewed (if necessary) with identities masked first; and (3) prohibits disclosure of any in-camera submission to any party absent specific post-balancing findings.

In addition, Mr. Lavandeira respectfully requests a written explanation of the Court's determination that Nevada's absolute Shield Law does not apply in this proceeding. No explanation was offered at the hearing on September 2nd.

Plaintiff Blake Lively previously argued for the application of California law in the Southern District of New York, and the court there applied California law. Mr. Lavandeira respectfully seeks clarification of the legal basis and authorities for declining to apply Nevada law here, so that the record is clear and appellate rights are preserved.

Finally, Mr. Lavandeira respectfully requests that the Court provide in writing the legal basis and reasoning for requiring disclosure of source names and contact information as part of any privilege log submission. No explanation for this decision was offered at the hearing this week either.

Understanding why the Court believes such identifying details are necessary is critical for Mr. Lavandeira to preserve his objections, comply in good faith, and protect his constitutional rights.

Mr. Lavandeira further requests that the Court stay or hold in abeyance any further obligations for forensic extraction, paralegal review, or expanded privilege log submissions until this Motion is resolved. Proceeding with those steps before the Court rules on this Motion risks irreparable harm to Mr. Lavandeira's privilege assertions and undermines the
protections recognized under federal law.

### Procedural Posture & Background

1. On September 2, 2025, the Court held a hearing regarding the SDNY subpoena served on non-party journalist Mr. Lavandeira.

2. The Court declined to apply Nevada's absolute shield statute and indicated that the federal qualified reporter's privilege would govern. Mr. Lavandeira maintains all objections.

3. At the Court's invitation, Mr. Lavandeira submitted a preliminary, good-faith privilege log ex parte and in camera.

4. The Court indicated the log should be "much more detailed," including names and contact information. The Court stated such materials would be filed under seal and initially for the Court's eyes only.

**Argument**

I. The Ninth Circuit recognizes a robust qualified reporter's privilege that makes disclosure the exception.

- Shoen v. Shoen (Shoen I), 5 F.3d 1289 (9th Cir. 1993) confirmed the privilege applies to non-confidential materials and non-traditional journalists, rooted in the First Amendment, and requires judicial balancing before any compelled disclosure.

- Shoen v. Shoen (Shoen II), 48 F.3d 412 (9th Cir. 1995) formalized the showing required (where materials are not confidential): the party seeking discovery must demonstrate the information is (1) unavailable despite exhaustion of reasonable alternatives; (2) non-cumulative; and (3) clearly relevant to an important issue.

- Farr v. Pitchess, 522 F.2d 464 (9th Cir. 1975) likewise requires weighing the privilege against asserted needs and cautions against converting reporters into discovery arms of litigants.

II. For confidential sources, revealing identities first defeats the privilege; courts use coded logs and staged review to avoid unnecessary piercing.

The identity of a confidential source is itself privileged. Requiring names merely to allow the Court to decide privilege reverses the order. Courts routinely accept coded privilege logs that provide dates, general subject matter and medium - without names - so that (i) the Court can perform threshold balancing; and (ii) the requesting party must first show exhaustion and compelling need.

III. A protective, staged protocol preserves the Court's need for information while safeguarding privilege.

Stage 1 — Coded Log (No Names): Mr. Lavandeira to submit a sealed, ex parte Coded Privilege Log using "Source A," "Source B," etc., listing for each entry: date/time range; medium (iMessage/email/DM/phone); direction (to/from); general subject-matter description; and a short explanation of non-availability of the information from other sources.

Stage 2 — Content Sampling with Identities Masked (If Needed): If, after reviewing Stage 1, the Court believes additional verification is necessary, Mr. Lavandeira can submit redacted content samples (e.g., screenshots with names/handles obscured) ex parte, sufficient to confirm the nature of the communications without revealing identities.

Stage 3 — Identities (Only If Legally Necessary After Findings): Only if the Court makes specific, on-the-record findings—after requiring Plaintiff to demonstrate exhaustion, non-cumulativeness, and clear relevance/criticality—should the Court consider reviewing names. Any such submission should be in a separately sealed appendix, maintained court-only, with an order barring any dissemination absent further order and providing advance notice to permit appellate review.

**Preservation of Objections**

Mr. Lavandeira preserves his objections that Nevada's absolute shield law should apply and that any compelled disclosure of confidential source identities would contravene the First Amendment and the policies animating Shoen and Farr. Nothing herein waives those objections.

**Requested Relief**

Mr. Lavandeira respectfully requests that the Court enter an order that:

1. Clarifies that he may submit a coded privilege log without disclosing source names or contact information;

2. Adopts the staged protocol outlined above;

3. Provides a written explanation of the Court's legal basis for declining to apply Nevada's absolute shield law, including the authorities relied upon;

4. Provides a written explanation of the Court's legal basis for requiring disclosure of source names and contact information as part of any privilege log submission, including the authorities relied upon;

5. Stays or holds in abeyance any further obligations regarding forensic extraction, paralegal review, or expanded privilege log submissions until this Motion is resolved; and

6. Grants such other relief as appropriate.


Respectfully submitted,

/s/ Mario Lavandeira

Mario Armando Lavandeira, Jr.

 aka Perez Hilton

Pro Se

Las Vegas, Nevada

September 5, 2025