| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Richard J. Pocker (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>(702) 382-7300<br>rpocker@bsfllp.com<br><br>BOIES SCHILLER FLEXNER LLP<br>Sigrid S. McCawley<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301<br>(954) 356- 0011<br>smccawley@bsfllp.com<br><br>MANATT, PHELPS & PHILLIPS LLP<br>Esra A. Hudson<br>Stephanie A. Roeser<br>2049 Century Park East, Suite 1700<br>Los Angeles, California 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>7 Times Square<br>New York, NY 10036<br>(212) 790-4525<br>mbruno@manatt.com | WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Lauren K. Martin (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8904<br>anathan@willkie.com<br>lkmartin@willkie.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com |

*Attorneys for Respondent Blake Lively*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **In Re Subpoena to:**<br><br>**MARIO LAVANDEIRA JR.**<br>**aka PEREZ HILTON** | Case No. 2:25-CV-01396-RFB-DJA<br><br>**RESPONDENT BLAKE LIVELY'S RESPONSE TO THIRD-PARTY PEREZ HILTON'S MOTION FOR CLARIFICATION** |

**RESPONSE TO THIRD-PARTY PEREZ HILTON'S MOTION FOR CLARIFICATION**

Respondent and Cross-Movant Blake Lively respectfully files this response to the Motion For Clarification And For A Protective Protocol Governing Any In-Camera Submission; Assertion Of Reporter's Privilege; Request For Written Explanation Regarding Applicable Law; And Request For Stay Pending Resolution (Dkt. 35 ("Motion" or "Mot.")) filed by Non-Party Mario Armando Lavandeira, Jr. ("Mr. Hilton"). Ms. Lively takes no position on Mr. Hilton's request that the Court issue a written opinion memorializing its oral orders at the September 2, 2025 hearing but notes that "oral orders are entitled to the same force and effect as an order reduced to writing," *E.E.O.C. v. Swissport Fueling, Inc.*, No. CV-10-2101-PHX-GMS, 2012 WL 1648416, at *5 (D. Ariz. May 10, 2012). Ms. Lively files this response in opposition to Mr. Hilton's following three requests: (1) permission to withhold *from the Court* the identity of the individuals with whom he is seeking to withhold communications; (2) a stay of his obligation to submit cost estimates from eDiscovery vendors until after resolution of the Motion; and (3) an order holding that the Court will not disclose any material submitted *ex parte* to Ms. Lively.[1]  For the reasons discussed below, the Court should reject all three remedies as devoid of legal support.

## RELEVANT PROCEDURAL HISTORY

The Court held a hearing on August 28, 2025 on Mr. Hilton's Motion to Quash the subpoena ("Subpoena") Ms. Lively served on him pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Rule(s)") and Ms. Lively's cross motion to transfer or for an order compelling Mr. Hilton's compliance. *See* Dkt. 1 ("MTQ"); Dkt. 12 ("Cross Motion"); Dkt. 14 (Minute Order setting hearing); Dkt. 29 (Minutes of August 28, 2025 hearing ("August 28 Hearing")). The Court deferred a ruling on the MTQ and Cross Motion during the August 28 Hearing pending a determination from the district judge overseeing the Underlying Litigation as to whether the Southern District of New York has jurisdiction over Mr. Hilton. Dkt. 29. After that court found it lacked jurisdiction to adjudicate the Subpoena (*see* Underlying Litigation, ECF No. 719), this Court denied the transfer requested in Ms. Lively's Cross Motion and ordered the parties to appear for a motion hearing on September 2, 2025 (Dkt. 30). The Court also ordered Mr. Hilton to "come

---

[1] Ms. Lively issued the Subpoena in *Lively v. Wayfarer Studios*, No. 24-cv-10049, (Dec. 31 2024, S.D.N.Y.) ("Underlying Litigation").

RESPONSE TO THIRD PARTY PEREZ HILTON'S MOTION FOR CLARIFICATION

prepared with a list of materials covered by the subpoena that can be presented to the Court for *ex parte*, in camera review" and which describes "the type, format, and volume of this information." *Id*. The Court also ordered the parties to "provide supplemental briefing regarding whether, and how, privileges under the federal common law, including but not limited to the qualified reporter privilege, apply to this information by Tuesday, 9/2/2025, at 9 a.m." *Id*.

The afternoon of August 29, 2025, Mr. Hilton submitted his supplemental brief, confirming his view that the "federal qualified reporter's privilege applies" and that Nevada's journalist privilege, Nev. Rev. Stat. Ann. § 49.275, is not binding but provides "additional persuasive authority." Dkt. 31 (header capitalization removed).[2] On September 2, 2025, Ms. Lively filed a supplemental brief as ordered by the Court explaining why federal common law, as opposed to Nevada law, applies to the question of privileges because the Underlying Litigation includes a claim pursuant to federal law. Dkt. 32.

At the beginning of the hearing on September 2, 2025, the Court entered an oral order ("September 2 Order") holding that the federal common law applied to the question of whether Mr. Hilton is entitled to assert a reporter's privilege and, if so, whether it is overcome due to its qualified nature. The Court explained that the federal common law applies pursuant to Rule 501 of the Federal Rules of Evidence because the Underlying Litigation includes a claim rooted in federal law.[3] The Court closed the courtroom to hold an *ex parte* conversation with Mr. Hilton during the hearing regarding the privilege log he had prepared. Ms. Lively reserved rights relating to the *ex parte* conversation, including to the withholding of any privilege log provided to the Court *ex parte* on that day or in the future. After the *ex parte* conversation, the Court ordered Mr. Hilton to submit to the Court—by Monday, September 8, 2025—three estimates from eDiscovery vendors for the cost of engaging in a forensic collection of all of the repositories of information likely to contain responsive information. The Court also recommended that counsel for Ms. Lively provide Mr. Hilton with a list of suggested attributes of a credible eDiscovery vendor, which they

---

[2] Mr. Hilton claims to maintain "all objections" notwithstanding that he agreed to the application of the federal common law. *Compare* Mot. at 2, *with* Dkt. 31.

[3] Ms. Lively disagrees with Mr. Hilton's claim that the Court did not offer an "explanation" for his holding. *See* Mot. at 1.

2

provided by email on September 4, 2025, along with providing names of specific, reputable eDiscovery vendors. The Court also suggested that counsel for Ms. Lively provide search terms to Mr. Hilton, which are attached hereto under seal.

## ARGUMENT

The Court should reject Mr. Hilton's request to permit him to file a "coded privilege log" whereby he withholds the identities of his "sources" *from the Court*. *See* Mot. at 1, 3-4. Mr. Hilton does not cite any authority in support of his request to deprive the Court (and only the Court) of this information, including his assertion that courts "routinely accepted coded privilege logs" that omit names. *Id*. Nor is Ms. Lively aware of any authority that empowers a third-party litigant to redact information submitted to a Court in an *ex parte* and *in camera* capacity. To the contrary, district courts act within their rights to require the unredacted submission of material for such review. *See, e.g., Friedman v. Bloomberg LP*, No. 3:15CV00443 (AWT), 2019 WL 10374169, at *1 (D. Conn. May 3, 2019) ("the Court orders the plaintiff to submit for in camera review unredacted copies of all communications the plaintiff or plaintiff's counsel, or an agent thereof, had with journalists, reporters, news publishers, or new broadcasters . . ."); *Cinel v. Connick*, 792 F. Supp. 492, 500 (E.D. La. 1992) ("the Court holds that the media defendants do not have a qualified privilege that insulates them from their disclosure *in camera* and under seal of inventories of the potential evidentiary materials they hold").

It is not clear how the Court could assess whether the privilege is overcome—including, for example, the materiality of the information or the availability from other sources—if Mr. Hilton does not provide details about from whom he received the information. *See Edebali v. Bankers Standard Ins. Co.*, No. CV147095JSAKT, 2017 WL 3037408, at *7 (E.D.N.Y. July 17, 2017) ("a party's privilege log, supporting affidavits and an *in camera* review of the documents themselves are generally required to permit a proper inquiry"); *Bennett v. Cuomo*, No. 22 CIV. 7846 (VSB) (SLC), 2024 WL 2963714, at *19 (S.D.N.Y. June 12, 2024) ("it is the usual practice, when presented with the assertion of one or more of the Privileges, for the Court to receive a document-by-document privilege log and conduct an *in camera* review of exemplars of the privileged documents"); *see also Fernandez v. Duarte*, No. 3:22-CV-00446-BAS-VET, 2025 WL 319240, at

*1 (S.D. Cal. Jan. 27, 2025) ("To adequately assess Defendant's official information privilege claims and conduct the necessary balancing, the Court requires both a privilege log and unredacted copies of the documents withheld for *in camera* review."). For example, whether Mr. Hilton communicated with one of the defendants in the Underlying Litigation or a defendant's agent (including, for example, Bryan Freedman) is essential information when considering whether Ms. Lively has demonstrated the three factors that courts consider when piercing the privilege. Mr. Hilton also provides no legal support for his invented three-step staged plan of *ex parte* review, and such a process would add additional unnecessary layers of delay and review.[4]

Mr. Hilton also asks this Court to stay or hold "in abeyance any further obligations" until the Court resolves the Motion. Mot. at 6. Mr. Hilton does not (because he cannot) provide any factual or legal support for delaying the process established by the Court. The September 2 Order does not require the disclosure of any of Mr. Hilton's "sources" and there is no reason why the process laid out by the Court cannot proceed apace while the Motion is under review.

Finally, the Court also should reject Mr. Hilton's blanket demand that the Court prohibit "disclosure of **any** in-camera submission" to Ms. Lively. Mot. at 1. Mr. Hilton ignores that "*ex parte, in camera* review is extraordinary" and should be limited to only instances where it is "'absolutely necessary.'" *Hepting v. AT&T Corp.*, No. C-06-672 VRW, 2006 WL 1581965, at *3 (N.D. Cal. June 6, 2006) (citation omitted); *accord Cent. Crude, Inc. v. Liberty Mut. Ins. Co.*, No. CV 17-CV-308, 2020 WL 1536507, at *2 (W.D. La. Mar. 31, 2020) (explaining that the Fifth Circuit requires all *ex parte* hearings "must be recorded by a court reporter at . . . [the] expense [of the party claiming privilege], with all transcripts and written submissions filed under seal" (alterations in original) (citation omitted)). To the extent that any of the materials submitted to the Court *ex parte* are not in-and-of-themselves privileged, there is no legal basis to deny Ms. Lively access to those materials.

---

[4] Mr. Hilton appears able and willing to submit the content of his communications to the Court and takes issue solely with the disclosure of names. If Mr. Hilton is able to and does not oppose the submission of a "sample" of underlying communications, Ms. Lively submits that doing so would facilitate the Court's review and is in keeping with how Courts often handle in-camera review (i.e. of logs and documents in tandem).

Dated: September 9, 2025

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Lauren K. Martin
787 Seventh Avenue
New York, NY 10019
(212) 728-8904
anathan@willkie.com
lkmartin@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

Respectfully submitted,

/s/ *Richard J. Pocker*

BOIES SCHILLER FLEXNER LLP
Richard J. Pocker (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
(702) 382-7300
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
Sigrid S. McCawley
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356- 0011
smccawley@bsfllp.com

MANATT, PHELPS & PHILLIPS LLP
Esra A. Hudson
Stephanie A. Roeser
Sarah Moses
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com

Matthew F. Bruno
7 Times Square
New York, NY 10036
(212) 790-4525
mbruno@manatt.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Response to Third-Party Perez Hilton's Motion for Clarification was served on September 9, 2025 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list and mailed to Mr. Hilton's mailing address of record.

/s/ *Richard J. Pocker*
Richard J. Pocker

RESPONSE TO THIRD PARTY PEREZ HILTON'S MOTION FOR CLARIFICATION